UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER J. LAWRENCE,

     Plaintiff,

v.                                                    CASE NO.  8:11-CV-2735-T-17AEP

UNITED STATES OF
AMERICA, etc.,

     Defendant.

_____/


ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 29 | Appeal of Magistrate Judge Ruling (Dkt. 28) |
| Dkt. 30 | Response |
| Dkt. 37 | Motion to Vacate Order (Dkt. 34) |
| Dkt. 38 | Response |
| Dkt. 39 | Motion to Vacate Order (Dkt. 36) |
| Dkt. 41 | Motion for Entry of An Order That Matters in Plaintiff's Fourth Request For Admissions Are Deemed Admitted |
| Dkt. 42 | Response |

Plaintiff Walter J. Lawrence is proceeding pro se in this case.  The Court understands Plaintiff's Complaint to be based on the alleged wrongful collection of income tax by levying on Plaintiff's pension benefits and Social Security benefits from 1999 to the present.  The Court granted leave to Plaintiff Lawrence to file a Second Amended Complaint which complies with Fed. R. Civ. P. 8(a) and 10(b), and is limited to twenty pages. (Dkt. 45).  Plaintiff filed a Second Amended Complaint (Dkt. 47). Defendant United States of America has filed a Motion to Dismiss (Dkt. 51), which is still pending.   Defendant moved to stay discovery until the Court rules on Defendant's

Case No. 8:11-CV-2735-T-17AEP

Motion to Dismiss, which Defendant argued may resolve this entire case. (Dkt. 55). The assigned Magistrate Judge granted Defendant's Motion to Stay Discovery for thirty days (Dkt. 57). Plaintiff has moved to amend the Second Amended Complaint (Dkt. 56), to vacate the Order granting Stay (Dkt. 61), and to strike Defendant's opposition to Plaintiff's Motion for Leave to Amend (Dkt. 60). The assigned Magistrate Judge has stayed discovery until the disposition of Defendant's Motion to Dismiss. (Dkt. 77).

The Court notes that Plaintiff and Defendant held a case management conference on April 13, 2012, and Plaintiff filed a case management report which is signed only by Plaintiff (Dkt. 21). The Court has deferred entering a case management order until the resolution of the potentially dispositive Motion to Dismiss.

I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions. Upon objection by a party, the District Court may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F.Supp. 1385, 1388 (S.D.Ga.1994) (stating that a magistrate judge's order will be set aside when clearly erroneous or contrary to law), aff'd 65 F.3d 183 (11th Cir. 1995). In reviewing a discovery order of the magistrate judge, the Court does not consider de novo arguments of counsel raised and rejected by the magistrate, nor does it consider additional arguments which do not demonstrate that the decision is clearly erroneous or contrary to law. Pino v. Prudential Ins. Co. of America, 689 F.Supp. 1358 (E.D.Pa. 1988).

II. Discussion

A. Dkt. 29   Appeal of Magistrate Judge Ruling (Dkt. 28)

Case No. 8:11-CV-2735-T-17AEP

Dkt. 30    Response

In the Order (Dkt. 28), the assigned Magistrate Judge denied Plaintiff's Motion to determine the sufficiency of Defendant's Response to Plaintiff's First Request for Admissions (Dkt. 25), and denied Plaintiff's Motion for entry of an order that matters are deemed admitted on the grounds of insufficiency of objections as to Defendant's general objections (Dkt. 27).

Plaintiff Lawrence has moved "to vacate, strike and hold for naught" the Order (Dkt. 28) of the assigned Magistrate Judge because Plaintiff has not consented to proceed before the assigned Magistrate Judge by executing a consent form (AO 85)(Dkt. 29-1).

Local Rule 6.01(b) provides:

> The assignment of duties to United States Magistrate Judges by the judges of the Court may be made by standing order entered jointly by the resident judges in any Division of the Court; or by an individual judge, in any case or cases assigned to him, through written order or oral directive made or given with respect to such cases.

Local Rule 6.01(c)(18) provides that the duties authorized to be performed by United States Magistrate Judges, when assigned to them pursuant to subsection (b) of this rule, include:

> (18)   Supervision and determination of all pretrial proceedings and motions made in civil cases including, without limitation, rulings upon all procedural and discovery motions, and conducting pretrial conferences; except that a magistrate judge (absent a stipulation entered into by all affected parties)shall not appoint a receiver, issue an injunctive order

3

Case No. 8:11-CV-2735-T-17AEP

> pursuant to Rule 65,Fed.R.Civ.P., enter an order dismissing
> or permitting maintenance of a class action pursuant to Rule
> 23, Fed.R.Civ.P., enter any order granting judgment on the
> pleadings or summary judgment in whole or in part pursuant
> to Rules 12(c) or 56, Fed.R.Civ.P., enter an order of
> involuntary dismissal pursuant to Rule 41(b) or (c),
> Fed.R.Civ.P., or enter any other final order or judgment that
> would be appealable if entered by a judge of the Court, but
> may make recommendations to the Court concerning them.

In the Middle District of Florida, discovery motions in civil cases are referred by standing order to the assigned Magistrate Judge for disposition.

Plaintiff has not shown that the Order of the assigned Magistrate Judge is clearly erroneous or contrary to law.  The Court therefore denies Plaintiff's Motion to Vacate or Strike, and affirms the rulings of the assigned Magistrate Judge.

B.  Dkt. 37    Motion to Vacate Order (Dkt. 34)
    Dkt. 38    Response

Plaintiff Lawrence moves to vacate the Order of the assigned Magistrate Judge (Dkt. 34) which denied Plaintiff's Motion to Compel (Dkt. 32) because Plaintiff has not consented to proceed before the assigned Magistrate Judge, as stated above.

The Court incorporates the above authority.  Plaintiff has not shown that the Order of the assigned Magistrate Judge is clearly erroneous or contrary to law.  The Court denies Plaintiff's Motion to Vacate or Strike.

C.  Dkt. 39    Motion to Vacate Order (Dkt. 36)
    Dkt. 40    Response

Plaintiff Lawrence moves to vacate the endorsed Order of the assigned Magistrate Judge (Dkt. 36) which denied Plaintiff's Motion (Dkt. 39) for the same reasons stated in the prior Order (Dkt. 28), because Plaintiff has not consented to

4

Case No. 8:11-CV-2735-T-17AEP

proceed before the assigned Magistrate Judge, as stated above.

The Court incorporates the above authority.  Plaintiff has not shown that the Order of the assigned Magistrate Judge is clearly erroneous or contrary to law.  The Court denies Plaintiff's Motion to Vacate or Strike.

D.  Dkt. 41    Motion for Entry of An Order that Matters in Plaintiff's Fourth Request for Admissions Are Deemed Admitted on Grounds of Insufficiency of Defendant's Alleged Responses
     Dkt. 42    Response

The assigned Magistrate Judge has previously denied Plaintiff's previous requests for Orders deeming matters within Plaintiff's Requests for Admissions to be admitted.  At the present time, discovery is stayed.  After consideration, the Court denies Plaintiff's Motion without prejudice.  In the event that the stay Order is lifted, Plaintiff may refile this Motion, which will be referred to the assigned Magistrate Judge for disposition.  Accordingly, it is

**ORDERED** that Plaintiff's Motions to Vacate or Strike (Dkts. 29, 37, 39) are **denied**, and Plaintiff's Motion for Entry of An Order That Matters in Plaintiff's Fourth Request for Admissions are Deemed Admitted (Dkt. 41) is **denied** without prejudice. As to Dkt. 29, the ruling of the Magistrate Judge is affirmed.

Case No. 8:11-CV-2735-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of September, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record