UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER J. LAWRENCE,

    Plaintiff,

v.    CASE NO. 8:11-CV-2735-T-17AEP

UNITED STATES OF AMERICA,

    Defendant.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 43 | Motion for Order that Plaintiff's Fourth Request for Admissions Be Deemed Admitted |
| Dkt. 46 | Response |
| Dkt. 47 | Second Amended Complaint |
| Dkt. 48 | Affidavit |
| Dkt. 49 | Affidavit |
| Dkt. 50 | Motion to Determine Validity of Notice of Levy |
| Dkt. 51 | Motion to Dismiss Second Amended Complaint |
| Dkt. 52 | Response |
| Dkt. 53 | Motion for Extension of Time and Motion for Jurisdictional Discovery |
| Dkt. 54 | Response |
| Dkt. 56 | Motion to Amend/Correct Amended Complaint |
| Dkt. 60 | Response |
| Dkt. 61 | Motion to Vacate Order (Dkt. 59) |
| Dkt. 62 | Motion to Vacate Order (Dkt. 57) |
| Dkt. 63 | Motion to Vacate/Strike Response (Dkt. 60) |
| Dkt. 64 | Response |
| Dkt. 66 | Response |
| Dkt. 68 | Motion to Determine Subject Matter Jurisdiction |
| Dkt. 69 | Motion to Determine Whether Failure to Engage in Notice and Comment Rulemaking Constitutes Harmless Error |

Case No. 8:11-CV-2735-T-17MAP

| | |
|---|---|
| Dkt. 70 | Response |
| Dkt. 74 | Response |
| Dkt. 76 | Motion to Determine if Defendant Provided Actual Notice |
| Dkt. 77 | Order on Motion to Stay Discovery |
| Dkt. 78 | Motion to Vacate Order (Dkt. 77) |
| Dkt. 78 | Motion to Strike Order (Dkt. 77) |
| Dkt. 79 | Motion for Summary Judgment |
| Dkt. 80 | Response |

Defendant United States of America has moved to dismiss this case for lack of subject matter jurisdiction.

I. Standard of Review

A. Rule 12(b)(1)

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Where a factual attack challenges the existence of subject matter jurisdiction, the Court may consider matters outside the pleadings. The Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). Where a factual attack implicates an element of the cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly

2

Case No. 8:11-CV-2735-T-17MAP

immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 102 S.Ct. 396 (1981).

B. Documents Attached to the Complaint

The Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Speaker v. U.S. Dept of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

It is the law of this Circuit that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007)("Conciusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); see Simmons v. Peavey-Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940)("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well-settled that the exhibits control.")

Case No. 8:11-CV-2735-T-17AEP

C. Pro Se Pleadings

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Despite construction leniency afforded to pro se litigants, such litigants are required to conform to procedural rules. Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

II. Discussion

A. Preliminary Issue

The Court previously dismissed the Amended Complaint in part, with leave to file an amended complaint (Dkt. 45), with a specific reminder that the parties are subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. The Court stated:

> The Court understands Plaintiff's Complaint to be based on Defendant's alleged wrongful collection of income tax by levying on Plaintiff's pension benefits and Social Security benefits from 1999 to the present. There are allegations that: 1) Plaintiff has overpaid the tax due and is seeking a refund; 2) Defendant's fraudulent concealment by the alleged non-publication of the tax tables in the Federal Register prevented Plaintiff from discovering Defendant's alleged violations; 3) that Plaintiff requested a hearing after the 1999 Notice of Levy but did not receive one; 4) that Defendant has violated the Fifth Amendment, for which Plaintiff seeks just compensation and damages; and 5) Plaintiff is seeking information available to Plaintiff under the Freedom of Information Act.

The Court directed Plaintiff to file an amended complaint which complies with Fed. R. Civ. P. 8(a), and which presents each claim in a separate count, numbering each

4

Case No. 8:11-CV-2735-T-17AEP

paragraph and identifying the theory for each separate claim. Plaintiff filed the Second Amended Complaint (Dkt. 47). In the Second Amended Complaint, Plaintiff abandons the Fifth Amendment claim and the FOIA claim, leaving the following claims:

> 1) Plaintiff overpaid the tax due and seeks a refund;
>
> 2) the failure to publish the tax tables in the Federal Register prevented Plaintiff from discovering Defendant's alleged violations; and
>
> 3) Plaintiff requested a hearing after the 1999 Notice of Levy but did not receive one.

Plaintiff seeks a refund of tax paid, damages in the amount of any funds collected through the Levy, an Order enjoining future collection, and a determination that the Levy is invalid (Pars. 6 (refund), 10 (refund), 18 (damages), P. 20 (declaration that Levy is invalid).

The Court notes that Plaintiff has extensively litigated a variety of FOIA and tax-related claims in various federal courts. Defendant cites twenty other cases in which Plaintiff's FOIA and tax-related claims have been determined to be frivolous (Dkt. 51, pp. 3-4). Plaintiff has included allegations in the Second Amended Complaint which render it incomprehensible as a shotgun complaint; dismissal of the Complaint would be justified on this basis alone. Plaintiff prefaces many of the alleged material factual allegations with the phrase "It is plaintiff's theory that...," ostensibly to comply with the Court's prior Order (Dkt. 45). The Court could either ignore each such allegation as a legal conclusion, or ignore the phrase which indicates that each allegation is a theory rather than a fact. In the substantive counts, Plaintiff incorporates previous allegations and subsequent allegations into each Count (Pars. 25, 31, 37, 44, 51, 57, 63). The Court has attempted to give a common sense reading to the Second Amended Complaint to understand the claims Plaintiff is seeking to pursue. Dismissal with

Case No. 8:11-CV-2735-T-17AEP

leave to amend would be an exercise of futility.


B. Dkt. 51   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant United States of America moves to dismiss the Second Amended Complaint for lack of subject matter jurisdiction.

In response to Defendant's Motion to Dismiss, Plaintiff has requested an extension of time to respond, and requested the opportunity to conduct jurisdictional discovery. Based on Plaintiff's voluminous filings and past history of related litigation, Plaintiff has had an adequate opportunity to obtain documents and any other information that might support Plaintiff's assertion that the Court has subject matter jurisdiction over Plaintiff's claims.

The parties have had an ample opportunity to conduct discovery. Defendant United States requested a stay of further discovery pending resolution of the Motion to Dismiss, based on the stream of frivolous motions that Plaintiff has filed in this case. Further discovery has been stayed (Dkt. 77). Plaintiff has requested that the Court strike or vacate the Order staying discovery. Because a determination of the Court's subject matter jurisdiction involves a determination of the Court's power to hear the case, the Court has first considered Defendant's facial challenge to subject matter jurisdiction.

Plaintiff bears the burden of establishing subject matter jurisdiction. Plaintiff must demonstrate an applicable waiver of sovereign immunity and show that his claim falls within the waiver. FDIC v. Meyer, 510 US 471, 475 (1994).

Case No. 8:11-CV-2735-T-17AEP

1. Claim for Refund

Plaintiff has included allegations which indicate that Plaintiff's claim is for a refund. The United States has conditionally waived sovereign immunity with respect suits for refund of taxes in 28 U.S.C. Sec. 1346(a)(1). The waiver is limited to 26 U.S.C. Sec. 7422, which requires that a plaintiff comply with the requirements applicable to filing tax refund claims. An administrative claim must be filed within 3 years from the time the return was filed, or 2 years from the time the tax was paid, whichever expires later. See 26 U.S.C. Sec. 6511(a).

A proper administrative claim must set forth in detail each ground upon which a credit or refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis of the claim. 26 C.F.R. Secs. 301.6402-2(b), 301-6402-3(a); Enax v. Commissioner, 476 Fed. Appx. 857 (11th Cir. 2012). Defendant argues that Plaintiff has attached incomprehensible documents to the Second Amended Complaint which, like those attached to the initial Complaint (Dkt. 1, Exhs. A-F), do not apprise the Commissioner of the exact basis of the claim. Defendant argues that Plaintiff does not specify which of the purported refund claims Plaintiff relies on to establish jurisdiction, whether the IRS accepted Plaintiff's claims as valid administrative claims for processing, or whether the claims were rejected. Any refund suit must be commenced within two years of the date of a notice of disallowance; the omission of this fact means that Plaintiff has not carried the burden of establishing subject matter jurisdiction for Plaintiff's claim for refund.

In addition, Plaintiff must have paid the entire tax at issue before he can request a refund. Plaintiff is challenging the 1999 Notice of Levy. Plaintiff fully paid the tax due for the years 1980, 1991 and 1992. The transcripts show that for the years 1981, 1982, 1983, and 1993, Plaintiff's taxes were not paid in full; the IRS wrote off the uncollectible balance after the statutory collection period expired. For other years, the transcripts are

incomplete. Transcripts for 1988, 1989, 1990 and 1994 are attached to Defendant's Motion, which show that the balances for those years were written off. The only years for which Plaintiff could assert a claim for refund are 1980, 1991 and 1992. Flora v. United States, 357 U.S. 63 (1958), on rehearing 362 U.S. 145 (1960).

If the requirements of Sec. 7422 are not met, the Court does not have subject matter jurisdiction. Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1263-1264 (11th Cir. 2006).

After consideration, the Court finds that Plaintiff has not established a waiver of sovereign immunity for Plaintiff's claim for refund.

2. Claim for Damages

The Second Amended Complaint includes allegations that Plaintiff's claim is for damages. Defendant argues that Plaintiff has not complied with the prerequisites to a claim for damages, and the Federal Tort Claims Act, 28 U.S.C. Sec. 2671, bars causes of action arising from the collection of taxes.

Defendant argues that 26 U.S.C. Sec. 7433 provides a limited waiver of sovereign immunity, but only when an officer or employee of the IRS recklessly or intentionally or by reason of negligence disregards any provision of the IRC. Defendant argues that Plaintiff has not identified any unlawful collection activity, as the constitutionality of the levy procedure is settled, United States v. National Bank of Commerce, 472 U.S. 713, 721 (1985), and 26 U.S.C. Sec. 6323 authorizes the filing a Notice of Federal Tax Lien.

Sec. 7433 does not waive Defendant's sovereign immunity for purported damages resulting from the determination or assessment of tax. Shaw v. United

Case No. 8:11-CV-2735-T-17AEP

States, 20 F.3d 182, 184 (5th Cir. 1994). If Plaintiff has stated a proper claim under Sec. 7433, the Court does not have subject matter jurisdiction because Plaintiff does not allege that he complied with Sec. 7433(d)(1) that he first exhaust administrative remedies before filing suit. Meyer v. Everson, 2006 WL 2583699 (M.D. Fla. 2006).

After consideration, the Court finds that Plaintiff has not alleged the prerequisites necessary to assert a claim for damages under 26 U.S.C. Sec. 7433.

3. Claim for Declaratory Relief

Plaintiff requests that the Court set aside agency actions, findings and conclusions which are determined to be arbitrary and capricious.

The Declaratory Judgment Act, 28 U.S.C. 2201, bars declaratory relief in respect to federal taxes. Willis v. Alexander, 575 F.2d 495, 496 (5th Cir. 1978).

4. Claim for Injunctive Relief

In light of the contradictory allegations of the Second Amended Complaint, it is difficult to determine the relief requested. To the extent that Plaintiff is seeking injunctive relief, such relief is barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a). Collection activities cannot be restrained under Sec. 7421(a).

5. Conclusion

In the Second Amended Complaint, Plaintiff alleges jurisdiction under 28 U.S.C. Sec. 1331, 1491(a)(1), 26 U.S.C. Sec. 7422, 26 U.S.C. Secs. 6511 and 6532. Plaintiff alleges that Plaintiff has exhausted all administrative remedies for each of the eleven tax years involved in the May 19, 1999 Notice of Levy, and Plaintiff made full payment

Case No. 8:11-CV-2735-T-17AEP

of all assessments for each of the eleven tax years involved in the May 19, 1999 Notice of Levy. Plaintiff further alleges that Plaintiff has sustained actual pecuniary damages as a proximate result of the alleged reckless, intentional and negligent actions of an officer or employee of the IRS. These allegations ordinarily would suffice for the Court to find that the presence of subject matter jurisdiction is intertwined with the merits of the case, and the Court would evaluate a factual challenge to subject matter jurisdiction after the close of discovery. The claims asserted in the Second Amended Complaint, however, are only marginally less contradictory and incomprehensible than the claims in Complaint and the Amended Complaint. After reviewing the voluminous pleadings, and evaluating the allegations of the Second Amended Complaint as to Defendant's facial challenge to subject matter jurisdiction, the Court finds that this case includes claims which are "wholly immaterial, made solely for the purpose of obtaining jurisdiction, or wholly unsubstantiated and frivolous." Eaton v. Dorchester Development, Inc., 692 F.2d 727 (11th Cir. 1982)(citing Bell v. Hood, 327 U.S. 678 (1945). At a minimum, the exhibits attached to the Second Amended Complaint, in addition to those attached Defendant's Motion, show that Plaintiff did not pay all the taxes due, such Plaintiff could not pursue a claim for refund under Sec. 7422. Plaintiff alleges that administrative claims were filed for each of the tax years involved, but does not allege the dates when the administrative claims were disallowed. Plaintiff's claim for damages is an attempt to avoid the requirements of filing a claim for refund, and the United States has not waived sovereign immunity for a claim for damages resulting from the determination or assessment of a tax.

After consideration, the Court **grants** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 51), and **denies** all other pending motions as moot (Dkts. 43,50, 53, 56, 61, 62, 63, 68, 69, 76, 78, 79). This Order is a final dismissal of this case due to lack of subject matter jurisdiction. The Clerk of Court shall close this case.

Case No. 8:11-CV-2735-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 31st day of March, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record